UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION


DERICK BAILEY                    ]
        Petitioner,              ]
                                 ]
v.                               ]          No. 3:06-0544
                                 ]          Judge Campbell
WAYNE BRANDON, WARDEN            ]
        Respondent.              ]


M E M O R A N D U M


The petitioner, proceeding *pro se*, is an inmate at the Turney Center Industrial Prison in

Only, Tennessee. He brings this action pursuant to 28 U.S.C. § 2254 against Wayne Brandon,

Warden of the facility, seeking a writ of habeas corpus.

In August, 2000, a jury in Davidson County found the petitioner guilty of premeditated

first degree murder and felony murder. Docket Entry No. 11; Addendum No. 1 at pgs. 22-23.

Because the charges arose from the same killing, the trial court merged the crimes into a single

conviction and gave the petitioner a sentence of life imprisonment. *See* Carter v. State, 958 S.W.

2d 620, 624-625, n. 6 (Tenn. 1997).

On direct appeal, the Tennessee Court of Criminal Appeals held that there was

insufficient evidence to sustain the conviction for premeditated first degree murder. Accordingly,

that conviction was vacated. However, the conviction for felony murder was affirmed. Docket

Entry No. 12; Addendum No. 6. The Tennessee Supreme Court later denied petitioner's

application for further review. Docket Entry No. 12; Addendum No. 7.

1

In November, 2003, the petitioner filed a *pro se* petition for state post-conviction relief. Docket Entry No. 12; Addendum No. 8 at pgs. 1-11. Following the appointment of counsel and an evidentiary hearing, the trial court denied the petition. Docket Entry No. 12; Addendum No. 8 at pgs. 33-37. On appeal, the Tennessee Court of Criminal Appeals affirmed the denial of post-conviction relief. Docket Entry No. 13; Addendum No. 11. Once again, the Tennessee Supreme Court rejected the petitioner's application for further review. Docket Entry No. 13; Addendum No. 12.

On May 25, 2006, the petitioner filed the instant petition (Docket Entry No. 1) for writ of habeas corpus. The petition sets forth three claims for relief. These claims include

> 1) the petitioner was denied the effective assistance of counsel when his attorney neglected to challenge the judge's failure to instruct the jury on the "natural and probable consequences" rule;[1]
>
> 2) the evidence was insufficient to support a conviction for felony murder; and
>
> 3) the petitioner was denied the effective assistance of counsel because his attorney was unable to force the prosecution to elect only one of the alternate theories of homicide to be offered to the jury.[2]

The Court conducted a preliminary examination of the petition and determined that the petitioner had stated a colorable claim for relief. Accordingly, an order (Docket Entry No. 2) was

---

[1] The "natural and probable consequences" rule arose as a common law component of criminal responsibility and extends criminal liability to the crime intended by a defendant, and collateral crimes committed by a co-defendant, that were the natural and probable consequences of the target crime. State v. Richmond, 90 S.W.3d 648, 654 (Tenn. 2002).

[2] At trial, the petitioner was represented by Michael Colavecchio, a member of the Davidson County Bar.

entered directing the respondent to file an answer, plead or otherwise respond to the petition.

Rule 4, Rules - - - § 2254 Cases.

Presently pending before the Court is respondent's Answer (Docket Entry No. 10) to the petition. Upon consideration of respondent's Answer and the expanded record, it appears that an evidentiary hearing is not needed in this matter. *See* Smith v. United States of America, 348 F.3d 545, 550 (6th Cir. 2003)(an evidentiary hearing is not required when the record conclusively shows that the petitioner is entitled to no relief). Therefore, the Court shall dispose of the petition as the law and justice require. Rule 8(a), Rules - - - § 2254 Cases.

The respondent concedes that the petitioner's claims have been fully exhausted in the state courts and were found to be lacking in merit. When a claim has been adjudicated on the merits in state court, the state court adjudication will not be disturbed unless it resulted in a decision contrary to clearly established federal law or involved an unreasonable application of federal law in light of the evidence. 28 U.S.C. § 2254(d); Nevers v. Killinger, 169 F.3d 352, 357 (6th Cir.1999). In order for a state adjudication to run "contrary to" clearly established federal law, the state court must arrive at a conclusion opposite to that reached by the United States Supreme Court on a question of law or decide a case differently than the United States Supreme Court on a set of materially indistinguishable facts. To grant the writ for an "unreasonable application" of federal law, the petitioner must show that the state court identified the correct governing legal principle involved but unreasonably applied that principle to the facts of the case. Williams v. Taylor, 529 U.S. 362, 120 S.Ct. 1495, 1523, 146 L.Ed.2d 389 (2000). In short, state court judgments must be upheld unless, after an examination of the state court judgment, the Court is firmly convinced that a federal constitutional right has been violated. Id., at 120

S.Ct. 1511.

Two of the petitioner's three claims allege that he was denied the effective assistance of counsel at trial. The Sixth Amendment provides that a criminal defendant is entitled to the effective assistance of counsel. To establish a violation of this right, the petitioner bears the burden of pleading and proving that his attorney's performance was in some way deficient and that the defense was prejudiced as a result of the deficiency. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). When considering such a claim, counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. Mallett v. United States, 334 F.3d 491, 497 (6th Cir. 2003).

The state courts applied the holding of Strickland, supra, to petitioner's ineffective assistance claims and found that counsel had, under the circumstances, acted reasonably and in a manner that did not prejudice the defense. *See* Docket Entry No. 13; Addendum No. 11 at pgs. 6-8. The record supports these findings.

The petitioner first alleges that counsel was deficient because he neglected to challenge the trial judge's failure to instruct the jury on the "natural and probable consequences" rule. On this point, the state appellate court made the following observation :

> Concerning the felony murder count which was affirmed on appeal, this court has previously held that *Howard* does not apply to a charge of felony murder. State v. Winters, 137 S.W.3d 641, 659 (Tenn.Crim.App. 2003), *perm. app. denied* (Tenn. 2004). Given this legal context, trial counsel did not perform deficiently in failing to raise the issue at trial or on appeal, and the petitioner was not prejudiced by the failure.

Id, at pg. 7.

 Tennessee law did not entitle the petitioner to a "natural and probable consequences" jury

instruction. Thus, counsel could not have been deficient for failing to seek such an instruction.

The petitioner also claims that counsel should have opposed allowing the prosecution to offer alternative theories of homicide to the jury. However, Tennessee law did not require the prosecution to elect a single theory of homicide. State v. Henley, 774 S.W.2d 908, 916 (Tenn. 1989). As a consequence, counsel's failure to aggressively oppose the offering of alternative theories of homicide does not constitute deficient representation.

The petitioner's final claim asserts that the evidence was not sufficient to sustain a conviction for felony murder. The right to due process guaranteed to us by the Constitution insures that no person will be made to suffer the onus of a criminal conviction except upon sufficient proof. Sufficient proof has been defined as the "evidence necessary to convince a trier of fact beyond a reasonable doubt of the existence of every element of the offense." Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 2787, 61 L.Ed.2d 560 (1979). When weighing the sufficiency of the evidence to support a criminal conviction, the Court must view the evidence in a light most favorable to the prosecution. Id, at 99 S.Ct. 2789.

The jury heard evidence showing that the petitioner had waited in his car at a convenience store while his brother went around back to one of the gas pumps. A short time later, the petitioner heard a gunshot and drove to the back of the store. Someone had shot the victim and taken his car. The petitioner did not stop to help the victim. Instead, he followed the victim's car down a side street where it was later found stripped of its tires, wheels, stereo and speakers. An impression of a tire matching those taken from the victim's car was found on the back seat of the petitioner's car. A cigarette recovered from the victim's car matched the brand of cigarette smoked by the petitioner. Docket Entry No. 12; Addendum No. 6 at pg. 8.

From this evidence, any rational juror could have reasonably found that the victim had been killed during a robbery that had been planned and executed by the petitioner and his brother. Therefore, the evidence was wholly sufficient to sustain the petitioner's conviction for first degree felony murder.

The petitioner has offered no clear and convincing evidence to rebut the presumption of correctness that must be accorded the factual findings made by the state courts. 28 U.S.C. § 2254(e)(1). Nor has the petitioner demonstrated in what way the legal analysis of the state courts either ran contrary to or was an unreasonable application of clearly established federal law. Accordingly, having carefully reviewed the record, it appears that the petition for writ of habeas corpus lacks merit and should be denied.

An appropriate order will be entered.

_____
Todd Campbell
United States District Judge